# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| STANLEY PATASKA and ROCHELLE PATASKA, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN RIVER TRANSPORTATION CO., LLC, <br><br> Defendant. | CASE NO. <br><br> **ARCHER-DANIELS-MIDLAND COMPANY'S NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Archer-Daniels-Midland Company ("ADM") (incorrectly sued as American River Transport Co., LLC ("ARTCO")), hereby removes the lawsuit captioned as *Stanley Pataska and Rochelle Pataska v. American River Transportation Co., LLC*, Case No. LACV048811, pending in the Iowa District Court for Clinton County, to the United States District Court for the Northern District of Iowa, and in support thereof states as follows:

1. Plaintiffs Stanley Pataska and Rochelle Pataska filed their Petition on January 26, 2023. A true and accurate copy of the Petition is attached hereto as Exhibit A.

2. Plaintiffs allege that Stanley Pataska, a truck driver, sustained "permanent injury" to his right foot while loading aluminum blocks at ADM's facility in Camanche, Iowa. Exhibit A, ¶¶ 8, 10.

3. Plaintiffs also allege that Stanley Pataska sustained significant injuries and damages, including, but not limited to, past and future medical expenses, and past and future loss of income and wages. Exhibit A, ¶ 20.

4. ADM was served with process on January 30, 2023. This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b). A true and accurate copy of the Service of Process Transmittal is attached hereto as Exhibit B.

5. ADM filed its Answer on February 24, 2023. A true and accurate copy of the Answer is attached hereto as Exhibit C.

6. No current motions and no further proceedings are pending in the state court proceedings.

7. This lawsuit has not been previously removed to federal court.

8. Plaintiffs are Iowa citizens. Exhibit A, ¶ 1.

9. ARTCO is a Delaware LLC registered to do business in Iowa. ADM is an Illinois corporation registered to do business in Iowa. Exhibit C, ¶ 2.

10. Upon information and belief and in accordance with 28 U.S.C. § 1446(a), the foregoing documents and exhibits constitute all of the process, pleadings, and orders on file in the state court proceedings.

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and, therefore, it may be removed to this Court under 28 U.S.C. §§ 1441 and 1446. Removal under section 1441 is appropriate when (1) complete diversity of citizenship exists between the plaintiff and all properly joined defendants and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

13. ADM has certain knowledge regarding the extent of Plaintiffs' injuries, which indicates that each of the Plaintiffs have claims exceeding $75,000.

14. The parties are citizens of different States, and this Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. § 1332(a). The action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a).

## REMOVAL IS PROPER

### I. Complete Diversity of Citizenship Exists Between Plaintiffs and ADM.

15. For purposes of diversity citizenship, a corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business. 28. U.S.C. § 1332 (c)(1).

16. Plaintiffs are citizens of the State of Iowa, as they each reside in Jackson County, Iowa, according to the Petition. Exhibit A., ¶ 1.

17. ADM is a Delaware corporation headquartered in Illinois and is therefore a citizen of Delaware and Illinois for purposes of determining diversity jurisdiction. Although ARTCO is not a proper party to this action, because its sole member is ADM, for purposes of removal, it is a citizen of Illinois and Delaware.

18. Accordingly, complete diversity exists among the parties at the time Plaintiffs filed their suit in state court and complete diversity exists among the parties at the time this Notice of Removal is filed. Removal is proper under 28 U.S.C. § 1332(a)(1).

### II. The Amount in Controversy Exceeds $75,000.

19. This action satisfies the amount in controversy requirement for removal because Plaintiffs seek recovery in an amount in excess of $75,000 exclusive of interests and costs.

20. Although Plaintiffs do not specify a dollar value, alleging instead that the "sum is in excess of the minimal jurisdictional requirements" and demanding "judgment against [ADM] in such an amount that will reasonably compensate him for his injuries and losses," Plaintiffs

allegations support an amount in controversy in excess of $75,000. Exhibit A., ¶¶ 9; 18; 37; and 30.

21.     Plaintiff Stanley Pataska seeks damages from [ADM] for past and future medical expenses, lost earnings, loss of future earning capacity, past and future physical and mental pain and suffering, and past and future loss of fully mind and body. *See* Exhibit A., at ¶¶ 3–4.

22.     Plaintiff Rochelle Pataska seeks damages from ADM for "past and future loss of society, companionship, support and consortium of her husband plus other past and future damages." Exhibit A, ¶ 22.

23.     Accordingly, although ADM reserves the right to object to the damages sought by Plaintiffs and dispute that Plaintiffs are entitled to recover any damages, each Plaintiff asserts claims with an amount in controversy exceeding the $75,000.00 minimum required by 28 U.S.C. § 1332. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Turntine v. Peterson*, 959 F.3d 873, 880 (8th Cir. 2020) (finding removal proper where the plaintiff pleaded "in excess of $60,000, and the plaintiff did "not limit its request for damages to a precise monetary amount") (citing *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)).

**III.    Venue is Proper.**

24.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the State Action was originally filed in Clinton County, Iowa, which is within this Court's district and division.

25.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Court for the Iowa District Court for Clinton County, and is being served on

Plaintiffs' counsel. A true and accurate copy of the Notice to State Court and Plaintiffs is attached hereto as <u>Exhibit D</u>.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 81**

26. Pursuant to Local Rule 81, Defendants certify the following:

   a. Pursuant to 28 U.S.C. § 1446(a) and LR 81, copies of all process, pleadings, and orders filed in this action are attached hereto as Exhibits A, B and C, and by this reference incorporated herein.

   b. Pursuant to LR 81, no matters are pending in the State Action that will require resolution in this Court, other than the lawsuit that is the subject of this Notice of Removal.

   c. Pursuant to LR 81, the names of parties, counsel, and the law firms that have appeared in the State Action are as follows:

Attorneys for Plaintiffs Stanley and Rochelle Pataska:

> Brian D.W. Spannagel
> Bradley T. Boffeli
> BOFFELI & SPANNAGEL, P.C.
> 800 Locust Street
> Dubuque, Iowa 52001
> *Attorneys for Plaintiffs*
> Email: brian@boffspanlaw.com

ADM gives notice that the State Action is removed from the Iowa District Court for Clinton County to the United States District Court for the Northern District of Iowa.

| | |
|---|---|
| February 24, 2023. | **FAEGRE DRINKER BIDDLE & REATH LLP** |
| | */s/ Abdullah M. Azkalany* |
| | Jacob D. Bylund, AT0001399 |
| | *jacob.bylund@faegredrinker.com* |
| | Abdullah M. Azkalany, AT0014229 |
| | *Abdullah.azkalany@faegredrinker.com* |
| | 801 Grand Avenue, 33rd Floor |
| | Des Moines, IA 50309 |
| | Telephone: (515) 447-4708 |
| | Facsimile: (515) 248-9010 |
| | **ATTORNEYS FOR DEFENDANT** |

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was filed with the Courts CM/ECF electronic filing system and served upon all parties of record herein on February 24, 2023.

/s/ Liz Blaschko